## Alexander T. Miller
## v.
## Thomas W. Dyas, Administrator de bonis non, etc.

*Partnership—Dissolution—Bill—Decree.*

Upon a bill filed to settle a partnership, this court is unable to determine from the record the basis upon which the trial court decided certain questions presented and therefore reverses the decree and remands the cause with directions, to the end that the matters in dispute may upon another trial be finally disposed of.

[Opinion filed February 14, 1890.]

Appeal from the Circuit Court of Adams County; the Hon. William Marsh, Judge, presiding.

Messrs. J. F. Carrott and J. H. Williams, for appellant.

Mr. J. C. Broady, for appellee.

Conger J.   This was a bill in chancery filed in the Circuit Court of Adams County by Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, and against appellant, Alexander T. Miller, asking for a settlement of the partnership business theretofore existing between said Albert B. Kingsbury, deceased, and appellant Miller.   The cause was referred to a master, who took the evidence and made his report to the court.   A large number of exceptions were filed to the master's report, but by an agreement of the parties the court heard and determined the cause from the evidence regardless of the findings of the master, and the court rendered a decree against said appellant Miller for the sum of $2,389.88.   Upon an appeal being taken from that decree to this court it was reversed and the cause remanded at the November term, 1888, of this court.

It appears from the record that when the cause was again

tried in the Circuit Court no reference to the master was made, but the court took up and passed upon the exceptions formerly filed to the master's report, being in all twenty-three exceptions, sustaining five, overruling ten, and sustaining in part and overruling in part the remaining eight, and entered a decree against appellant for the sum of $2,387.88, being $2 less than the former decree.

We are met by the same difficulty in the record as presented now, that existed when the case was here before. The final decree of the court makes no statement of the basis or theory upon which it proceeded in fixing the amount due from appellant at the sum of $2,387.88, and when we refer to the holding of the court in passing upon the exceptions to the master's report, we can not, in many instances, determine what the holding of the court was intended to be. The first exception was: " The master found that Miller was entitled to but $25 per month for his services, whereas he should have found that Miller was entitled to $40 per month." The finding of the court is that this exception " be overruled," thereby impliedly holding that appellant was entitled to $25 per month for his services to the firm.

The master had found upon this subject that Miller had been paid by Kingsbury during his lifetime for all services rendered to the firm, but whether the court upheld this finding of the master we are unable to determine from the record; and so with other rulings of the court in which exceptions are in part overruled and in part sustained, but without that definiteness that enables us to know clearly the views of the court. It is insisted by counsel that the decree is based upon the ruling of the court upon the first exception to the master's supplemental report, by which the court holds that appellant should be charged with one-half of $5,400.64 furnished the firm by Kingsbury, less one-half the amount Kingsbury received in excess of his one-half from Kreitz for sale of ice, and that the court ignored all other claims on both sides. While this is probable, judging from the amount of the decree, there is nothing in the record other than that to verify it.

It appears from the evidence that there are firm assets left undisposed of in the hands of appellant, as well as judgments against him for firm debts. No reference is made to either in the decree, nor any provision whatever for a final adjustment of the firm matters. Counsel for appellee, in reference to this matter, in his brief says:

" In respect to the two judgments against Miller, mentioned on page 14 of appellant's argument, I will say both of these judgments do not amount to as much as the balance in cash in appellant's hands, as surviving partner, November 20, 1886, as shown by his report of that date filed in the Adams County Court, said balance being $3,777.59, and the total amount of these judgments being $2,633.76. It was appellant's fault that the judgments were allowed to be obtained. In matter of fact, the largest of the judgments—1 mean the one for $2,361.65, in favor of First National Bank of Quincy—or a large part of it, at least, has been paid by Miller out of said balance, and I think the other one of said judgments has also been paid in like manner, but whether or not this is evidence I can not say, and for the purposes of the case, as it now stands, I regard it as wholly immaterial; for if he has not paid them, it appears from the evidence he has in his hands, as surviving partner, ample moneys with which to pay them."

We do not wish to be understood as expressing any opinion upon the rights of appellant as to these judgments, but think the whole partnership should be determined by this decree so that it will be a final adjudication of all matters growing out of the partnership, at least so far as they can be, up to the time of rendering the decree. The present decree, it would seem, proceeds upon the theory of ascertaining the balance due from one partner to the other, upon the basis alone of considering what each paid into the common fund, and have individually for their own personal use drawn out. If debts exist against the firm, who shall pay them? If appellant has firm assets under his control, what shall he do with them? We do not think it any answer to say the County Court will determine these matters upon the report of appellant as surviving partner. If this bill had not been filed, the County Court

would doubtless have adjusted these matters in accordance with the principles of justice.

The bill charges, among other things, that the estate of Kingsbury is in danger of losing the amount due it from appellant, and in danger of having large sums to pay on the indebtedness of the firm, if all of the firm assets are not applied in satisfaction of the same; prays for an injunction and a receiver; that an account be taken of the transactions of the firm; that its affairs be fully adjusted, etc. The decree should be final upon these questions, and not leave them to be litigated again as soon as this case is concluded.

The decree of the Circuit Court will be reversed, and the cause remanded with directions to refer the cause to the master to find upon the evidence upon each of these controverted points, so that the decree may, as far as possible, make a final disposition of all matters in dispute between the parties growing out of or connected with the partnership.

*Reversed and remanded.*